IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| CHRISTOPHER T. SWIFT and | ) | No. 12-35690. |
| MARCIA A. SWIFT | ) | |
| | ) | Judge |
| - Debtors. | ) | Donald R. Cassling |

## NOTICE OF MOTION

TO: See Attached Service List

PLEASE TAKE NOTICE that on April 24, 2015 at the hour of 9:30 a.m. or as soon thereafter as Debtors, may be heard, Debtors shall appear before appear before the Honorable Donald R. Cassling, U.S. Bankruptcy Judge, Kane Courthouse, in Room 240, 100 South 3rd Street, Geneva Illinois, or before any other Bankruptcy Judge sitting in his stead and shall then and there present the attached Motion and at which you may appear if you so desire.

**Debtors**

**CERTIFICATE OF SERVICE**

We, the undersigned Debtors, certify that We served a copy of this **Notice to the Addresses attached** together with the attached **Motion and all Attachments**, by depositing them by USPS Mail on April 17, 2015, with proper postage prepaid.

DEBTORS
/s/ Christopher T. Swift
/s/ Marcia T. Swift

Christopher T. Swift
Marcia A. Swift
601 Sennett Street
Batavia, Illinois 60510
630-406-8060

## NOTICE OF MOTION AND ADDRESS SERVICE LIST

**Glenn B Stearns**
801 Warrenville Rd
Suite 650
Lisle, IL 60532

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**Annie W Lopez**
Freedman, Anselmo, Lindberg LLC
1771 W Diehl Rd
Suite 150
Naperville, IL 60566

**Ann Marie Waxman Lopez**
1035 Hohlfelder Road
Glencoe, IL 60022

**Nisha B Parikh**
Freedman, Anselmo, Lindberg LLC
1771 W Diehl Rd
Suite 150
Naperville, IL 60563

**Crystal V (Sava) Caceres**
Freedman, Anselmo, Lindberg LLC
1771 W Diehl Road
Suite 120
Naperville, IL 60563

**Chris Iaria**
Freedman, Anselmo, Lindberg LLC
1771 W Diehl Rd
Suite 150
Naperville, IL 60563

**Bryan D Hughes**
Freedman, Anselmo, Lindberg LLC
1771 W Diehl Rd
Naperville, IL 60563

**Douglas A Oliver**
Freedman, Anselmo, Lindberg LLC
1771 W Diehl Rd
Naperville, IL 60563

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| CHRISTOPHER T. SWIFT and | ) | No. 12-35690. |
| MARCIA A. SWIFT | ) | |
| | ) | Judge |
| - Debtors. | ) | Donald R. Cassling |
| | ) | |

## MOTION TO CANCEL FINAL TRIAL DATE, EXTENTION FOR TRIAL DATE AND EXTENSION FOR DEBTORS TO CONDUCT FULL DISCOVERY

NOW COMES the Movant, Christopher T & Marcia A Swift, (hereinafter "Debtors") pro se and in support of their request to cancel the final trial date while full discovery opportunities for Debtors be set for 120 days extension or in the alternative request to extend the trial date of May 27-28, 2015 and full discovery cut off date of April 30, 2015 be rescheduled for an additional 120 day extension.

1. Debtors have contacted more than 10 firms in the search for new counsel since Debtors agreed to GRANT Paul M. Bach's (Bach Law Offices) request to withdraw from the case.

2. Debtors have received more than 10 hours of free consultation time from prospective law firms. Debtors have been told over and over that their case(s) have so many moving parts that for any firm to jump in at this point in the Debtors case would take quite awhile to get caught up to litigate properly. One prospective counsel graciously spent 7 hours to assist Debtors just to figure out what Bach Law Offices had done and stated "IS STILL PERPLEXED". Other comments were made by several firms that confirmed many of Debtors concerns and provided a great deal of insight about Bach Law Offices acts of

omission and commission but Debtors do not believe this motion is the forum to discuss this any further.

3. A Trial Date was set for May 27-28, 2015 and a Discovery cutoff date was set for April 30, 2015, Debtors have found that their efforts have been hampered regarding their ability to retain counsel. Attorneys that are at a competency level that Debtor's are seeking have told Debtors that without additional time it would be impossible for them to consider Debtors case. Attached is an example of a letter from David Lloyd, a potential and preferred candidate, Debtors would be interested in obtaining as counsel confirming the conundrum of the Debtors position. (Exhibit A - David Lloyd Letter)

4. Not a single attorney that Debtors have contacted so far believes they could possibly be ready to take on the two (2) depositions that were scheduled for February 2015 that are one of many Discovery items that Debtors are entitled to obtain. Debtors have already been put at a disadvantage due to the abandonment of their former attorney, Paul M. Bach at a crucial moment in this case.

5. The Swift's are grieving three (3) recent deaths in their family; with deaths occurring in November, December and in January. Debtors also spent a week assisting family with their cousin in a coma in November. Furthermore, the Swift's had their own serious emergency medical event in the middle of January. Debtors can provide medical records to the court if so ordered as long as they are kept confidential.

6. After the deposition of Bret J Maloney originally was scheduled it was

rescheduled at least 3 times then rescheduled over many months and in fact for 6 weeks after the death of one family member.

7. The parties noticed in this Chapter 13 case 12-35690 are also parties to the cases that preceded this case. Those cases are Foreclosure case 11-CH-002069 and Chapter 13 case 07-21787.

8. There are 252 Docket Entries in Chapter 13 case 12-35690. It took Debtors until 4-3-2015 just to download the case documents from a computer system called PACER at the cost of several hundred dollars. This does not include being able to read the documents fully at this time due to the search for a law firm. However, prospective firms are asking questions that Debtors cannot fully answer because of the need to read all the documents while searching for a firm. It has become a "what comes first the chicken or the egg?" scenario for Debtors.

9. There are 90 Docket Entries in the Foreclosure case 11-CH-002069. Not acquired or read yet by Debtors.

10. There are 121 Docket Entries in the previous Chapter 13 Case 07-21787. Not acquired or read yet by Debtors.

11. There is a 5 hour deposition document of Bret J. Maloney to be reviewed by future counsel. In addition to documents brought to the deposition that were not properly received by Debtors from LNV Corporation (or any purported successor) prior to the deposition on July 11, 2014 that need to be reviewed prior to the deposition.

12. There is also a copy of documents from Bach Law Offices that is shockingly light in weight. But every document needs to be reviewed carefully as well. Several subpoenas were requested by Debtors of former counsel Paul M. Bach and to date Debtors do not know if they have been executed yet. Paul M. Bach did include one item on Docket No. 188, p. 9, that he was forwarding Debtors documents to a forensic accountant on October 27, 2014 for examination prior to discovery cutoff. To date, Debtors have not found evidence of this being completed by Paul M. Bach.

13. Debtor Marcia Swift was able to talk with Shanitha Burton, Courtroom Deputy, this week to determine which motions are still open, terminated and ones that have fallen off the docket in the recent past. Debtors were told that they did not need to come to court on Friday as the outstanding orders that were missing from docket were completed. The task for a pro se litigant to track the docket schedule, in and of itself, has been a difficult puzzle for Debtors to discern.

14. Since that time, it appears that opposing counsel, Bryan Hughes of Anselmo Linbderg Oliver, LLC (fka Freedman Anselmo Lindberg, LLC) has filed items in PACER that have misled the court on what items were discussed at the last hearing, March 27, 2015, regarding FULL DISCOVERY being opened for the Debtors.

15. The Order opposing counsel Bryan Hughes of Anselmo Linbderg Oliver, LLC. (fka Freedman Anselmo Lindberg, LLC.) filed with this court appears to have stripped out all of the items and discussions that favored the Debtors.

**SEE new Debtors Motion for OBJECTION TO MOTION FOR LEAVE TO CLARIFY THE MARCH 27, 2015 ORDER and TO ALSO CLARIFY THE APRIL 13, 2015 ORDER to be filed concurrently with this document.**

16. Debtors have no law background. Debtor Marcia Swift took a 400 Level Law and Media course more than 25 years ago but has not been to a law library since that time. Debtor, Marcia Swift is willing to learn proper procedures but needs the time to do so until future counsel is obtained. This motion has taken over 24 hours to prepare. Debtor Chris Swift is working around the clock to support the Swift family. Debtors did not anticipate Bach Law Offices withdrawal at this point from Debtors case and Debtors could not have known that they would be taking on a massive new role including writing motions-court documents after having successfully retained previous law firms consecutively and concurrently that collaborated with one another and Debtors since 2007.

17. Debtors are committed to retaining counsel and diligently meeting the needs of the court. Debtors are under a great deal of duress with the recent events of this case and private family losses and health issues. Debtors believe finding competent counsel is the best course of action.

WHEREFORE, Debtors, Christopher T. Swift and Marcia A. Swift Pro Se request for both the present Final Trial Date of May 27-28, 2015 to be Cancelled and the

present Full Discovery Cut-Off Date of April 30, 2015 to be Extended and rescheduled for a 120 day Extension Granted to and for the Debtors.

Dated: April 17, 2015

Respectfully Submitted,
/s/ Christopher T. Swift
/s/ Marcia A. Swift
Debtors
601 Sennett Street
Batavia, Illinois 60510
(630)-406-8060

# EXHIBIT A
## Letter from Prospective Attorney David Lloyd
Received April 14, 2015

Tuesday, April 14, 2015 7:32 PM

**Subject: Chapter 13 claim of LVNV**
**Date:** Tuesday, April 14, 2015 5:44 PM
**From:** David Lloyd <dlloyd@davidlloydlaw.com>
**To:** Marcia Swift <marciaswift@sbcglobal.net>
**Category:** ****Junk

Dear Ms. Swift,

I appreciate the opportunity to discuss your case with you. I see that the trial is set for May 27, 2015, and that there is discovery still pending. Unfortunately, I would not be able to represent you in this case with the trial date coming up in 1-1/2 months, given my current case load and other scheduling issues.

If it were possible to cancel the trial date, or to continue the trial for at least three months, I would be able to consider representing you in this case. Of course, without looking at any of your documents or even meeting in person, I can't commit to representing you in the case, but your case sounds like one that I could bring to trial, or to work toward settlement in your case.

I would not be able to move, on your behalf, for a continuance of trial, because I would not want to commit to representing you, in case the court did not reschedule the trial, and then be unable to represent you at trial at the end of May.

If you can obtain a cancellation of the trial, or rescheduling for at least 3 months, please contact me and I will meet with you.

David Lloyd
708-937-1263

Page 1 of 1